## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

STACY ANDERSON, as Personal Representative
of the Estate of STEPHANIE ANDERSON,

     Plaintiff,

vs.

FLORIDA MEMORIAL UNIVERSITY, INC.,
a Florida corporation,

     Defendant.

_____/

### COMPLAINT

**COMES NOW**, Plaintiff, **STACY ANDERSON**, natural mother and Personal

Representative of the Estate of **STEPHANIE ANDERSON**, deceased, and sues Defendant,

**FLORIDA MEMORIAL UNIVERSITY, INC.,** ("FMU") a Florida not for profit corporation,

and alleges as follows:

### NATURE OF ACTION

1.     This action arises out of Plaintiff's employment relationship with Defendant,

including sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act, §760.10, Fla.

Stat. *et. seq* ("FCRA"), negligence, which actions and omissions ultimately resulted in the

wrongful death of Stephanie Anderson, therefore this is also a cause of action brought on behalf

of Stephanie Anderson pursuant to Florida Statute §768.16-21 *et seq*.

### JURISDICTION, VENUE, PARTIES AND CONDITIONS PRECEDENT

2.     This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees,

interest and costs.

# EXHIBIT A

3.     Plaintiff, STACY ANDERSON, is the natural mother and duly appointed Personal Representative of the Estate of STEPHANIE ANDERSON, deceased, and a copy of the Letters of Administration appointing her to that position is attached hereto and made a part hereof as Exhibit "A." Plaintiff, STACY ANDERSON, brings this suit on behalf of decedent pursuant to Fla. Stat. §768.16-20 *et. al.*

4.     The actions giving rise to this Complaint occurred in Miami-Dade County, Florida.

5.     At all times material, Defendant, FLORIDA MEMORIAL UNIVERSITY, INC., was a Florida corporation that was licensed and authorized to do business within the State of Florida, and was doing business in Miami-Dade County, Florida.

6.     At all times material, Defendant FMU was a private university located at or near 15800 NW 42nd Avenue, Miami Gardens, Florida.

7.     Defendant FMU is an "employer" within the meaning of 42 U.S.C. §2000e(b) and a "person" and an "employer" within the meaning of the Florida Civil Rights Act (the "FCRA"), Fla. Stat. § 760.02(6)&(7).

8.     At all times material, decedent Stephanie Anderson was an employee of Defendant FMU.

9.     At all times material hereto, decedent Stephanie Anderson was an "aggrieved person" as defined by the FCRA, Fla. Stat. §760.02(10) and as a female, part of a protected class under

10.     Prior to the filing of this lawsuit, decedent Stephanie Anderson timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), bearing Federal Charge number 510-2020-03664.

11.    Decedent's Counsel (who is now Plaintiff's Counsel) received a copy of the EEOC's Right to Sue Letter on behalf of Decedent Stephanie Anderson on June 25, 2021, and a copy of this Notice of Suits Rights is attached hereto as Exhibit "B."

12.    All conditions precedent to the institution of this lawsuit have been fulfilled or excused.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    Decedent Stephanie Anderson began her employment with Defendant FMU in June 2019, when she was hired as an administrative assistant to Athletic Director (at the time), Ernest Jones ("Jones").

14.    It was known by Defendant FMU and amongst Defendant FMU's employees that this Athletic Director Jones was a sexual predator with a well-documented history of sexually harassing, harassing and thereafter retaliating against and creating a hostile work environment for female staff members of Defendant FMU who declined his advances.

15.    The misconduct of Defendant FMU's employee Ernest Jones towards Defendant FMU's female employees so notorious and widespread that his misconduct attracted national media attention.

16.    While decedent Stephanie Anderson was working under Defendant FMU's employee Jones, but prior to his sexual advances towards her, decedent Stephanie Anderson and Jones had several conversations about her being promoted to his executive assistant. In fact, early in her career with Defendant FMU, her supervisor Jones told decedent Stephanie Anderson that he wanted to do for her the "same thing as with Stephanie Bailey," an administrative assistant to Defendant FMU's Provost. Ms. Bailey's position, title and responsibilities were modified to executive assistant and upon information and belief she was given a pay increase and additional responsibility as a result of this promotion to executive assistant.

17.     Defendant FMU's employee Jones, as was his pattern with other female staff members of Defendant FMU being harassed by him, promised decedent Stephanie Anderson on multiple occasions increased pay and increased responsibility. Decedent Stephanie Anderson would soon learn that Jones' promises of promotion to the role of executive assistant was made in attempt to obtain sexual favors from her.

18.     In one instance, during decedent Stephanie Anderson's employment at Defendant FMU, decedent Stephanie Anderson and Defendant FMU's employee Jones attended a work event at Warner's restaurant. While at the event, Jones inappropriately touched decedent Stephanie Anderson and made inappropriate, offensive sexual comments and propositions towards decedent including stating that he liked her, that he could support her financially and he would buy her clothes.

19.     Decedent Stephanie Anderson refused Defendant FMU Jones' advances presented by Jones during this particular event and the advances made by Jones thereafter.

20.     In October of 2019, while still experiencing unwanted sexual advances from Defendant FMU's employee Jones and repeatedly declining the same, decedent Stephanie Anderson's title position and job titles were reassigned to a lower pay rate and reduced benefits.

21.     Not only did decedent Stephanie Anderson not receive the promotion that was discussed, but she received less pay than was discussed and agreed to by Defendant FMU employee Jones and, upon information and belief, was budgeted for by Defendant FMU.

22.     Jones continued making inappropriate sexual remarks to decedent Stephanie Anderson, even contacting her via text message, and caused decedent Stephanie Anderson to receive unsubstantiated reprimands and complaints against her, and it became clear that this retaliation and her not receiving the pay increase that she was promised was as a direct result of her declining Jones' continuous sexual advances and inappropriate remarks towards her.

4

23.     Decedent Stephanie Anderson reported Jones' misconduct to Defendant FMU's Human Resources department, placing Defendant FMU on actual notice of the harassment, sexual harassment and retaliatory misconduct of Defendant FMU's employee, Jones.

24.     However, despite Defendant FMU having actual and constructive knowledge of its employee, Jones' misconduct with not only decedent Stephanie Anderson but complained of by several other female employees of Defendant FMU, Defendant FMU took no effective remedial action.

25.     Decedent Stephanie Anderson reported at least 10 additional instances of Defendant FMU's creation of a hostile work environment directly caused by and occurring after her *reporting* Jones' sexual harassment and harassment to FMU's Human Resources department.

26.     Defendant FMU's retaliatory conduct against decedent Stephanie Anderson included a salary where she was paid significantly less than she was promised by her direct supervisor, Jones, Defendant FMU's employee; in addition to a change in job title and responsibilities, and exclusion from vital meetings relating to her employment, and retaliation through intimidation.

27.     In fact, in response to decedent Stephanie Anderson's formal complaint about Jones' misconduct, Defendant FMU found that AD Jones' conduct *was* inappropriate and that he did make advances towards decedent Stephanie Anderson.

28.     Despite this finding and Defendant FMU's actual knowledge that Jones not only sexually harassed decedent Stephanie Anderson but knowing that Jones also harassed, intimidated, retaliated against and sexually harassed other females employed by Defendant FMU, this Defendant failed to take appropriate action on behalf of decedent Stephanie Anderson.

29.     Decedent Stephanie Anderson consistently and continually placed the President of Defendant FMU as well as Defendant FMU's Human Resources Department via Ms. Yosseline

Poteau on notice that she was being retaliated against and subject to a hostile work environment that caused her extreme emotional distress and financial harm.

30.     Despite knowing that Jones was a sexual predator and was sexually harassing, harassing, and retaliating against decedent Stephanie Anderson (and other female employees of Defendant FMU), Defendant FMU allowed Jones to continue his employment while decedent Stephanie Anderson was subject to being directly targeted by Defendant FMU's employees, particularly employees under Jones' direct supervision and members of Defendant FMU's Human Resources department whom Jones was friendly with. This directly resulted in decedent Stephanie Anderson's employee evaluations being purposefully negative and evaluated with the intent of causing her reputational harm and caused her to be subject to disproportionate disciplinary actions taken against her by Defendant FMU's Human Resources Department. Stephanie Anderson became aware of the unfair and retaliatory negative evaluations and the effect it would have on her future job prospects, and this caused her to suffer emotional distress and anxiety.

31.     Decedent Stephanie Anderson's numerous complaints of harassment, retaliation, sexual harassment and hostile work environment created were not properly investigated nor remedied by Defendant FMU, as this institution has a clear practice and custom of retaliating against females who deny and then report the sexual advances of males in positions of power at Defendant FMU, and where its Human Resources department is used as a vehicle by bad actors to discredit, vilify and harm females that complain about this misconduct and disparate treatment. By all accounts, Defendant FMU's actions and omission are aimed at protecting, at all costs, the male sexual predators under Defendant FMU's employ.

32.     Decedent Stephanie Anderson's workplace was permeated with intimidation, hostility and ridicule. During a staff meeting a male employee of Defendant FMU openly stated to

female staff members regarding their concerns and the misconduct of Jones, that they should just "let it go."

33.     Defendant FMU fostered an environment that was so severe and pervasive that it altered the conditions of decedent Stephanie Anderson's employment and created an abusive working environment, particularly because every complaint made about her disparate treatment which occurred a result of her reporting this misconduct fell on deaf ears at Defendant FMU.

34.     Not only was decedent Stephanie Anderson harmed financially, but Defendant FMU's actions and omissions caused decedent Stephanie Anderson such extreme emotional distress that manifested itself in physical symptoms which included anxiety, sleeplessness, bouts of crying, and severe depression.

35.     In fact, this extreme emotional distress caused decedent Stephanie Anderson to have to take time off of work because she was disheartened at Defendant FMU's treatment of her and females that spoke out against the misconduct occurring by its male executives and employees, that as an actual and proximate result of the extreme stress, financial distress, emotional distress and emotional damages caused by Defendant FMU, decedent Stephanie Anderson was forced to utilize her Paid Time Off as well as her sick days to seek treatment because she was mentally unable to perform her job functions in that toxic environment.

36.     Even though decedent Stephanie Anderson followed proper protocol in requesting time off, on Wednesday, March 31, 2021 Defendant FMU requested that decedent Stephanie Anderson provide a note from her doctor verifying that her absences were medical in nature.

37.     In her March 31, 2021 correspondence to decedent Stephanie Anderson, Defendant FMU employee, Robyn Swaby advised decedent Stephanie Anderson that "without a doctor's note, the sick days for the past three days will be converted to and applied as vacation days, unless proper documentation is submitted by end of the day Monday, April 5, 2021."

7

38.     In compliance therewith, at 4:19 p.m., decedent Stephanie Anderson submitted a letter from Miami Beach Community Health Center, written by Gina McCrary-Smith, DO on April 5, 2021, which indicated that decedent Stephanie Anderson would not be able to return to work until after follow-up appointment in one week.

39.     However, and despite decedent Stephanie Anderson being in full compliance with FMU's policies and procedures regarding time off of work due to medical reasons, Defendant FMU terminated decent Stephanie Anderson on April 6, 2021. Although Defendant FMU cited COVID-19 as being the reason for her termination, upon information and belief this firing was pretextual and because she was yet another female that complained about the misconduct and retaliation of and by Defendant FMU's employee, Ernest Jones.

40.     The misconduct by Defendant FMU as an institution and by and through its employees so severe that it interfered with decedent Stephanie Anderson's job duties because of the toll on her mental health. Decedent Stephanie Anderson was traumatized the point where she *had* to take time off from work to treat the damage caused to her mental health, and then she was fired *because* she then took time to treat her mental distress caused by Defendant FMU's actions and omissions.

41.     Defendant FMU therefore knew or should have known of Jones' sexual harassment and retaliation and failed to implement prompt and appropriate corrective action. Not only did decedent Stephanie Anderson complain about the disparate and deplorable treatment of female employees at Defendant FMU and by Defendant FMU, but decedent Stephanie Anderson *as well as several other females* complained to Defendant FMU *about the misconduct of* Jones and other male employees. Decedent Stephanie Anderson *was not* the first female to be sexually harassed, harassed and retaliated against by Defendant FMU itself and its employee Jones.

42.     As an illustration, post his employment at Defendant FMU, Jones was terminated from his position at *another* educational institution shortly after his hire *because of the exact same misconduct complained of by decedent Stephanie Anderson and other female employees of Defendant FMU.*

43.     It is clear that Defendant FMU's actions and omissions were not only in violation of state and federal law, but also done with reckless indifference to decedent Stephanie Anderson's civil rights and rights as an employee, which includes but is not limited to:

a.     the termination of decedent Stephanie Anderson despite complying with its request for a doctor's note in support of her request for sick leave;

b.     continuous disregard for the retaliation against and harassment of female employees, including decent Stephanie Anderson by Defendant FMU's male employees, particularly Ernest Jones;

c.     failing to immediately terminate Jones, despite having actual and constructive knowledge of Jones' harassment and sexual harassment and retaliation of female employees, including decedent Stephanie Anderson; and

d.     creating and perpetuating an environment and culture of sexual harassment, harassment, retaliation, disparate salary and disparate treatment of women who deny the sexual remarks and advancements of male employee and who and report the misconduct of Defendant FMU's employees, particularly its male employees.

44.     As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered severe and extreme emotional and mental distress and mental and emotional deterioration, and extreme emotional and mental distress that manifested

itself in physical symptoms that ultimately actually and proximately caused her untimely death on or about April 23, 2021.

## COUNT 1
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT – SEX DISCRIMINATIONAND HARASSMENT

45.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

46.    At all times material, decedent Stephanie Anderson, a female, was a member of a protected group protected by Title VII of the Civil Rights Act.

47.    At all times material hereto, Defendant FMU failed to comply with the Civil Rights Act of 1964[42 U.S.C. 2000 e-2 (a)], which states, in part, "[i]t shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin."

48.    Over the course of her employment, Defendant FMU's employee Jones subjected decedent Stephanie Anderson (and several other female employees of Defendant FMU) to unwelcomed sexual harassment, harassment and retaliatory conduct because she declined his numerous sexual advances.

49.    Defendant FMU's employee, Ernest Jones' sexual harassment, harassment, discrimination of decedent Stephanie Anderson was based solely on her gender.

50.    Decedent Stephanie Anderson expressly rejected the physical and sexual harassment, sexual advances and inappropriate remarks and propositions made by Jones.

51.    Decedent Stephanie Anderson complained to Defendant FMU's human resources department which, despite complaints from decedent Stephanie Anderson and other similarly

situated females, failed take appropriate remedial action to prevent Jones harassment and retaliatory conduct by Jones and Defendant FMU's Human Resources department, which occurred and continued to occur through the date of decedent Stephanie Andersons's termination.

52.     The sexual harassment of decedent Stephanie Anderson was severe, pervasive and altered decedent Stephanie Anderson's working conditions which actually and proximately caused her mental health to deteriorate to the point where she required mental health breaks from Defendant FMU and medical intervention.

53.     As an actual and proximate result of the extreme stress, financial distress, emotional distress and emotional damages caused by Defendant FMU, decedent Stephanie Anderson was forced to utilize her Paid Time Off as well as her sick days because she mentally unable to effectively perform her job function without medical intervention.

54.     Despite decedent Stephanie Anderson following protocol in requesting time off, in a March 31, 2021 correspondence to decedent Stephanie Anderson, Defendant FMU employee, Robyn Swaby advised decedent Stephanie Anderson that "without a doctor's note, the sick days for the past three days will be converted to and applied as vacation days, unless proper documentation is submitted by end of day Monday, April 5, 2021."

55.     In compliance therewith, at 4:19 p.m., decedent Stephanie Anderson submitted a letter from Miami Beach Community Health Center, written by Gina McCrary-Smith, DO on April 5, 2021, indicating that decedent Stephanie Anderson would not be able to return to work until after follow-up appointment in one week.

56.     Despite decedent Stephanie Anderson complying with Defendant FMU's request, Defendant FMU terminated decent Stephanie Anderson's employment with Defendant FMU on April 6, 2021.

57.     As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered financial injuries and damages, severe and extreme emotional and mental distress and mental and emotional deterioration that ultimately actually and proximately caused her untimely death on or about April 23, 2021.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

**COUNT 2**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT –**
**HOSTILE WORK ENVIRONMENT**

58.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

59.     At all times material, decedent Stephanie Anderson, a female, was a member of a protected group protected by Title VII of the Civil Rights Act.

60.     At all times material Defendant FMU, including its President, Mr. Jaffus, its Human Resource department, employee Jones, supervisors and other agents of Defendant FMU, engaged in the pattern and practice of harassment as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant FMU.

61.     The harassment and retaliatory conduct as set forth in this Complaint would not have occurred but for decedent Stephanie Anderson's sex, her refusal of the multiple sexual advancements of Defendant FMU's employee Jones, and the harassment and retaliation suffered as a direct result of her reporting this misconduct.

62.     The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter decedent Stephanie Anderson's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment for decedent Stephanie Anderson *and* for other female employees of Defendant FMU (who suffered similar outcomes for rejecting and reporting the misconduct of males in executive positions at the institution), in violation of Title VII.

63.     Defendant FMU's male employee sexual harassment, harassment and retaliatory conduct, effectuated particularly through Defendant FMU's Human Resources department, constituted violation of decedent Stephanie Anderson's rights from the first act to the latest action.

64.     The harassment, sexual harassment, ignoring of decedent Stephanie Anderson's complaints about the harassment, sexual harassment and retaliatory conduct by Defendant FMU was open and notorious, particularly because decedent Stephanie Anderson was one of *many* female employees who complained about Defendant FMU's actions and omissions.

65.     Defendant FMU knew or should have known about the sexual harassment, harassment and retaliatory conduct towards decedent Stephanie Anderson, particularly in light of her complaints and the complaints of several women who were also sexually harassed, harassed, and endured retaliatory conduct of Defendant FMU by and through its agents and employees.

66.     Defendant FMU failed to take adequate remedial steps to ensure that decedent Stephanie Anderson would not be subject to continual harassment, sexual harassment and retaliatory conduct at her workplace.

67.     Despite having actual and constructive knowledge of the harassment, sexual harassment and retaliatory conduct by Defendant FMU's agents and employees, including Jones and Defendant FMU's Human Resources department, Defendant FMU failed to take all reasonable

and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

    a.    failing to have an *effective policy* regarding workplace harassment and sexual harassment;

    b.    failing to have effective procedure for investigation and addressing complaints of sexual harassment and harassment complaints;

    c.    failing to effectively implement any procedure it may have had for investigating harassment and sexual harassment complaints, *particularly* because Defendant FMU knew or should have known that this male employee was a sexual predator whom harassed and sexually harassed and retaliated against *multiple* female employees of Defendant FMU;

    d.    failing to adequately investigate decedent Stephanie Anderson's numerous complaints; and,

    a.    failing to appropriately train its employees.

68.    The unlawful employment practices complained of herein and the actions of Defendant FMU and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to decedent Stephanie Anderson's statutorily protected employment rights.

69.    As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered financial injuries and damages, extreme emotional pain, mental distress and mental anguish that manifested itself in physical symptoms that lead to her severe mental deterioration and eventual death.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court

award compensatory damages; compensatory damages for emotional distress; award a monetary judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

## COUNT 3
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

70.      Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

71.      During decedent Stephanie Anderson's employment at Defendant FMU, Defendant FMU's employee Jones and decedent Stephanie Anderson attended a work event at Warner's restaurant. While at the event, Defendant FMU's employee Jones made inappropriate sexual comments towards decedent Stephanie Anderson, including stating that he liked her, could support her financially and he would buy her clothes, with the implicit expectation that she would reciprocate with sexual favors.

72.      Decedent Stephanie Anderson refused Defendant FMU Jones' advances presented by Jones during this event and the multiple inappropriate advances made by Jones thereafter.

73.      Decedent Stephanie Anderson also reported Jones' misconduct to Defendant FMU's Human Resources department, placing Defendant FMU on actual notice of the harassment, sexual harassment and retaliatory misconduct of Defendant FMU's employee, Jones.

74.      In fact, in response to decedent Stephanie Anderson's formal complaint about Jones' misconduct, Defendant FMU's written report found that Jones' advances towards decedent Stephanie Anderson *was* inappropriate.

75.      However, despite Defendant FMU having actual and constructive knowledge of its employee, Jones' misconduct with not only decedent Stephanie Anderson but complained of by several other female employees of Defendant FMU, Defendant FMU took no appropriate remedial

action and the misconduct – specifically the harassment, sexual harassment and hostile work environment created because of her refusing Jones' advances and reporting the same, continued.

76.    Decedent Stephanie Anderson complained and reported at least 10 instances of misconduct and Defendant FMU's creation of a hostile work environment directly caused by her *reporting* Jones' sexual harassment, inappropriate conduct and retaliatory conduct to FMU's Human Resources department.

77.    Defendant FMU's retaliatory conduct against decedent Stephanie Anderson included (like other females suffering at the mercy of Defendant FMU because it allows for its males to manipulate the salaries of women when they decline their advances) a salary significantly less than she was advised and promised by her direct supervisor, Jones, a change in job title, exclusion from vital meetings, and intimidation.

78.    The harassment and retaliatory conduct suffered by decedent Stephanie Anderson by Defendant FMU caused decedent Stephanie Anderson extreme emotional distress that was so severe and pervasive that it caused the severe decline of decedent Stephanie Anderson's mental health which decline began to manifest itself into physical symptoms.

79.    As an actual and proximate result of the extreme stress, financial distress, emotional distress and emotional damages caused by Defendant FMU, decedent Stephanie Anderson was forced to utilize her Paid Time Off as well as her sick days as she was mentally unable to perform her job functions.

80.    On Wednesday, March 31, 2021 Defendant FMU employee, Robyn Swaby advised decedent Stephanie Anderson that "without a doctor's note, the sick days for the past three days will be converted to and applied as vacation days, unless proper documentation is submitted by end of day Monday, April 5, 2021."

81.     In compliance therewith, at 4:19 p.m., decedent Stephanie Anderson submitted a letter from Miami Beach Community Health Center, written by Gina McCrary-Smith, DO on April 5, 2021, indicating that decedent Stephanie Anderson would not be able to return to work until after follow-up appointment in one week.

82.     Despite decedent Stephanie Anderson complying with Defendant FMU's request, Defendant FMU terminated decent Stephanie Anderson on April 6, 2021. This termination was retaliatory in nature, particularly because she was terminated *despite the fact* that she timely complied with Defendant FMU's request for documentation.

83.     As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered financial injuries and damages, severe and extreme emotional and mental distress and mental and emotional deterioration that ultimately actually and proximately caused her untimely death on or about April 23, 2021.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

## COUNT 4
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

84.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

85.     Decedent Stephanie Anderson, a female, was at all material times a member of a protected class of citizens.

86.     During the course of decedent Stephanie Anderson's employment with Defendant FMU, decedent Stephanie Anderson was subjected to continuous harassment, sexual harassment, and retaliation by Defendant FMU, particularly its Human Resources department, as more fully described in paragraphs 13-44 of this Complaint.

87.     The unwelcome, offensive, discriminatory and harassing remarks and conduct of Defendant FMU's agents and employees referred to in paragraphs 13-44 herein were offensive to decedent Stephanie Anderson and would be offensive to a reasonable person.

88.     The unwelcome, offensive, discriminatory and harassing remarks and conduct of Defendant FMU's agents and employees referred to in paragraphs 13-44 created a harassing and hostile work environment for decedent Stephanie Anderson, to her detriment.

89.     The unwelcome harassment was severe and pervasive, and altered the terms and conditions of decedent Stephanie Anderson's employment; her Complaints about the misconduct suffered by her as a result of declining Jones' inappropriate advances, which included Defendant FMU's male employees requesting during a staff meeting that the females "just let go" of the complaints harassment inflicted upon the female employees and retaliatory conduct towards them by Defendant FMU ultimately lead to decedent Stephanie Anderson being forced to take time off of work as a result of the extreme mental stress and distress that she endured as a result of this misconduct.

90.     Defendant FMU was aware of the discrimination, sexual harassment, harassment and hostile work environment occurring in this workplace, *particularly because decedent Stephanie Anderson was not the only female that Jones sexually propositions,* had control over the employees creating the hostile work environment, but failed to take prompt and appropriate corrective action.

91.     Similarly situated employees, i.e., those employees whom were not females, were not being subject to the same harassment, discrimination, sexual harassment and retaliation by Defendant FMU's agents and employees as set forth in paragraphs 13 through 44 of this Complaint.

92.     As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered financial injuries and damages, extreme emotional pain, mental distress and mental anguish that manifested itself in physical symptoms that lead to her severe mental deterioration and eventual death.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

## COUNT 5
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

93.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

94.     Defendant FMU's termination of decedent Stephanie Anderson was in retaliation for her complaining to Defendant FMU about the sexual harassment, harassment, hostile work environment and conduct of Jones and the treatment of herself and other female employees of Defendant FMU were also propositioned, sexually harassed and retaliated against by Jones and at the direction of Jones.

95.     Defendant FMU's actions were and are retaliatory in violation of the FCRA.

96.     The unlawful employment practices complained of herein and the actions of Defendant FMU's and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to decedent Stephanie Anderson's statutorily protected employment rights.

97.     Defendant FMU's employees and agents have engaged in the pattern and practice of retaliatory harassment, discriminatory conduct, and retaliation as set forth in Paragraphs 13-44 of this Complaint herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant FMU.

98.     The retaliatory hostile work environment and retaliatory conduct described herein would not have occurred but for decedent Stephanie Andersons's denial of the sexual advances of Jones and her complaints about the hostile work environment and harassment she suffered and complained of to Defendant FMU regarding Defendant FMU and its agent and employees discriminatory and harassing actions and omissions towards her and witnessed and endured by other female employees of Defendant FMU.

99.     Defendant FMU's retaliatory actions and omissions, harassment and discriminatory conduct and other forms of retaliation towards decedent Stephanie Anderson were severe and pervasive enough to both alter decedent Stephanie Anderson's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of the Florida Civil Rights Act (Fla. Stat. §760.01, *et seq.)*.

100.    Defendant FMU's retaliatory harassing and discriminatory conduct and other forms of retaliation constituted a violation of decedent Stephanie Anderson's rights from the first act to through the date of her termination.

101.    The sexual harassment and the retaliatory harassing and discriminatory conduct and other forms of retaliation described herein were open and notorious; Defendant FMU knew or

should have known about the retaliatory conduct towards decedent Stephanie Anderson, not only because of her multiple complaints, but due to the fact that multiple women complained about the misconduct and sexual harassment and harassment and retaliation of women by male employees of Defendant FMU, particularly by Jones.

102.    Defendant FMU failed to take adequate remedial steps to ensure that decedent Stephanie Anderson would not be subject to continued retaliation at Defendant FMU, and decedent Stephanie Anderson was ultimately terminated from her employment despite being in compliance with Defendant FMU's request.

103.    As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered extreme emotional pain, mental distress and mental anguish that manifested itself in physical symptoms that lead to her severe mental deterioration and eventual death.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

## COUNT 6
## NEGLIGENT SUPERVISION, TRAINING AND RETENTION

104.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 44 of this Complaint.

105.    Defendant FMU recruited, hired, instructed, trained, employed, supervised and retained its employees, agents or representatives. Therefore, Defendant FMU owed decedent Stephanie Anderson. its employee, a duty of care.

21

106.    The actions and omissions complained of by decedent Stephanie Anderson, including the sexual harassment of female employees by male employees, including Jones, and as set forth in this Complaint was widely known within Defendant FMU's employees and by Defendant FMU.

107.    Defendant FMU knew and should have known of its employees, agents or representatives' sexual harassment, harassment, and hostile conduct. Not only did decedent Stephanie Anderson repeatedly make complaints regarding this offensive behavior, but so did other female employees of Defendant FMU.

108.    Defendant FMU breached its duty to decedent Stephanie Anderson in failing to adequately and properly perform the activities cited herein, specifically as set forth in paragraphs 13-43 and:

      a.    the termination of decedent Stephanie Anderson despite complying with its request for a doctor's note in support of her request for sick leave;

      b.    continuous disregard for the retaliation against and harassment of female employees, including decent Stephanie Anderson by Defendant FMU's male employees, particularly Ernest Jones;

      c.    failing to immediately terminate Jones, despite having actual and constructive knowledge of Jones' harassment and sexual harassment and retaliation of female employees, including decedent Stephanie Anderson; and

      d.    creating and perpetuating an environment and culture of sexual harassment, harassment, retaliation, disparate salary and disparate treatment of women who deny the sexual remarks and advancements of male employee and who and report the misconduct of Defendant FMU's employees, particularly its male employees.

109.     Defendant FMU created and fostered an environment that allowed males in executive positions, including but not limited to Jones to sexually harass a subordinate employee, and use it Human Resources department as a weapon to retaliate against females, including decedent Stephanie Anderson, who complained against wrongdoing supervisors for complaining, and allowing known sexual predators to remain in its employment.

110.     Specifically, Defendant FMU failed to implement, demonstrate, discuss and confer effective policies, procedures, training and supervision to its employees, agents or representatives regarding discrimination, harassment, sexual harassment and retaliation of employees, including decedent Stephanie Anderson, for exercising their protected rights.

111.     Defendant further appropriately failed to discipline the employees, agents or representatives who were sexually harassed, harassed and retaliated against decedent Stephanie Anderson; in fact, decedent Stephanie Anderson was one of multiple female employee subject to Defendant FMU's culture of discrimination, sexual harassment and harassment by and as a result of declining the sexual advances of male employees.

112.     Defendant FMU's actions and omissions and the actions of Defendant FMU's employees and agents were and are willful, wanton, intentional and done with malice or with reckless indifference to decedent Stephanie Anderson's statutorily protected employment rights.

113.     As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered extreme emotional pain, mental distress and mental anguish that manifested itself in physical symptoms that lead to her severe mental deterioration and eventual death.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary

judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

**COUNT 7**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

114.    Plaintiff incorporates paragraphs 1 through 44 as alleged herein.

115.    Defendant FMU by and through its employees, agents and representatives, has intentionally inflicted emotional distress on decedent Stephanie Anderson by its outrageous conduct.

116.    The outrageous conduct as set forth in paragraphs 13-44, were directed at decedent Stephanie Anderson by and through Defendant FMU's employees, agents and representatives or other persons acting to benefit and further the interests of Defendant FMU, and in the course and scope of their employment or agency with Defendant FMU.

117.    The unlawful employment practices complained of herein and the actions of Defendant FMU and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to decedent Stephanie Anderson's statutorily protected employment rights.

118.    As a direct and proximate result of the outrageous acts described herein, decedent Stephanie Anderson sustained severe damages, financial damages, mental pain and suffering, emotional distress, mental anguish, the loss of capacity for the enjoyment of life, extreme mental anguish that manifested itself in physical symptoms that lead to her severe mental deterioration and eventual death.

**WHEREFORE**, Plaintiff STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al.* respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary

judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

### COUNT 8
### DISCRIMINATION AND HARASSMENT BASED ON SEX IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

119.    Plaintiff incorporates paragraphs 1 through 44 as alleged herein.

120.    The harassment conducted by Defendant's agents as described in paragraphs 13 through 44 was based on decedent Stephanie Anderson's sex/gender(female) and because she complained of the harassment, sexual harassment and hostile work environment created because Defendant FMU retaliated against her.

121.    At all times relevant, decedent Stephanie Anderson did not welcome or consent to the sexual harassment by Defendant's FMU employee, Jones.

122.    The sexual harassment and retaliatory harassment of decedent Stephanie Anderson was severe and pervasive and altered decedent Stephanie Anderson's working conditions.

123.    Despite complaining to Defendant FMU about the sexual harassment, Defendant FMU failed to take appropriate remedial action, and Defendant FMU's employee, Jones continued sexually harassing and harassing decedent Stephanie Anderson and created and fostered a hostile work environment for decedent Stephanie Anderson because she turned down his numerous advances.

124.    Defendant, by its actions and omissions thereby discriminated against decedent Stephanie Anderson in the terms, conditions and benefits of her employment in violation of the FCRA.

125.    Decedent Stephanie Anderson has suffered both irreparable injury and compensable damage.

126.     The harassment and retaliatory conduct suffered by decedent Stephanie Anderson by Defendant FMU caused decedent Stephanie Anderson extreme emotional distress that was so severe and pervasive that it caused the severe decline of decent Stephanie Anderson's mental health that began to manifest itself into physical symptoms.

127.     As an actual and proximate result of the extreme stress, financial distress, severe emotional distress and emotional damages caused by Defendant FMU as a result of the sexual harassment, harassment and retaliatory conduct directed towards her, decedent Stephanie Anderson was forced to utilize her Paid Time Off as well as her sick days as she was mentally unable to perform her job functions.

128.     On Wednesday, March 31, 2021 Defendant FMU requested that decedent Stephanie Anderson provide a note from her doctor verifying that her absences were medical in nature and documentation authorizing her return to work.

129.     In her March 31, 2021 correspondence to decedent Stephanie Anderson, Defendant FMU employee, Robyn Swaby advised decedent Stephanie Anderson that "without a doctor's note, the sick days for the past three days will be converted to and applied as vacation days, unless proper documentation is submitted by end of day Monday, April 5, 2021."

130.     In compliance therewith, at 4:19 p.m., decedent Stephanie Anderson submitted a letter from Miami Beach Community Health Center, written by Gina McCrary-Smith, DO on April 5, 2021, indicating that decedent Stephanie Anderson would not be able to return to work until after follow-up appointment in one week.

131.     Despite decedent Stephanie Anderson complying with Defendant FMU's request, Defendant FMU terminated decedent Stephanie Anderson on April 6, 2021.

132.     As an actual and proximate result of Defendant FMU's actions and omissions, decedent Stephanie Anderson suffered financial injuries and damages, severe and extreme

emotional and mental distress and mental and emotional deterioration that ultimately actually and proximately caused her untimely death on or about April 23, 2021.

**WHEREFORE**, Plaintiff, STACY ANDERSON, on behalf of the Estate of Stephanie Anderson and pursuant to Florida Statute §768.16-20 *et. al*., respectfully requests that this Court award compensatory damages; compensatory damages for emotional distress; award a monetary judgment representing prejudgment interest; award any other compensation allowed by law and pursuant to Florida Statute §768.21; and grant such other and further relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

The Plaintiff hereby respectfully and formally requests that the matter be heard and adjudicated by a jury as per the Florida Rules of Civil Procedure.

Dated, this the 23rd day of September, 2021.

> **THE PORTER LAW FIRM, LLC**
> 5033 SE Federal Highway
> Stuart, Florida 34997
> Telephone: (772) 266-4159
> Facsimile:  (772) 768-7588
>
> By: _____
> **Marwan E. Porter, Esq.**
> Fla Bar No: 026813
> **Camille J. Miller, Esq.**
> Fla Bar No: 0938041
> Marwan@theporterfirm.com
> Camille@theporterfirm.com
> efile@theporterfirm.com
> janet@theporterfirm.com
> troy@theporterfirm.com
> broderick@theporterfirm.com
> jim@theporterfirm.com
> Attorneys for Plaintiff

27

# EXHIBIT "A"

Filing # 129561201 E-Filed 06/25/2021 07:50:03 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2021-002713-CP-02
SECTION: PMH01
JUDGE: Jorge E Cueto

**IN RE: Anderson, Stephanie Marie**

Decedent

_____/

## ORDER APPOINTING PERSONAL REPRESENTATIVE

On the Petition of Stacy J. Anderson for the administration of the above Estate ("Estate"), the Court finds that Stacy J. Anderson is entitled to appointment as Personal Representative ("Personal Representative").


It is hereby ADJUDGED that Stacy J. Anderson is appointed Personal Representative of the Decedent's Estate, and upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond in the sum of $ 0, Letters of Administration shall be issued with the following restrictions:


1. Unless extended by court order, this Estate must be closed within 24 months.


2. Unless an appropriate bond has been entered into and approved by the Court, the Personal Representative shall place all liquid assets in a depository designated by this Court pursuant section 69.031, Florida Statutes, ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.


3. The Attorney of Record shall file a receipt of assets by the Depository in a timely fashion.


4. If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

5. The Personal Representative and the Depository shall jointly receive all monies payable to the Estate.

6. There shall be no sale, encumbrance, borrowing, or gifting of any assets without court order.

7. The apportionment of the wrongful death settlement must be approved by this Court.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 25th day of June, 2021.

2021-002713-CP-02 06-25-2021 7:41 PM

2021-002713-CP-02 06-25-2021 7:41 PM
Hon. Jorge E Cueto

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Evett L Simmons, esimmons@sfwlegalteam.com
Evett L Simmons, ctoledo@sfwlegalteam.com

**Physically Served:**

# EXHIBIT "B"

## Camille Miller

| | |
|---|---|
| **From:** | ERLINE JOCELYN <ERLINE.JOCELYN@EEOC.GOV> |
| **Sent:** | Friday, June 25, 2021 1:29 PM |
| **To:** | Camille Miller |
| **Subject:** | RE: Important Document Available for EEOC Charge 510-2020-03664 |
| **Attachments:** | 2021-05-21 Form 161 Anderson.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hello Ms. Miller:

Please see the attached document.

Thank you,

Inv. Jocelyn

**WARNING:** All information contained in this email message is privileged and confidential and for use ONLY by the Equal Employment Opportunity Commission (EEOC) and the intended recipient(s). If you are not an intended recipient, you are hereby notified that any use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all copies of the message and its attachments and notify the sender immediately. Your receipt of this message is not intended to waive any applicable privilege. Emails that are sent or received by the EEOC will be retained according to EEOC's record retention schedule.

**From:** Camille Miller <camille@theporterfirm.com>
**Sent:** Friday, June 25, 2021 12:42 PM
**To:** ERLINE JOCELYN <ERLINE.JOCELYN@EEOC.GOV>
**Cc:** Camille Miller <camille@theporterfirm.com>; Jim Oster <Jim@theporterfirm.com>; AndersonStephanieZ8598026@projects.filevine.com
**Subject:** RE: Important Document Available for EEOC Charge 510-2020-03664

Good afternoon,
As you are aware, Stephanie Anderson passed in April of this year and she set up the account with the EEOC. Therefore, we do not have access to her portal. Would you please send us a copy of the correspondence that was recently uploaded by the EEOC? Thank you!

Sincerely,
Camille Miller, Esq.

THE PORTER FIRM
5033 SE Federal Highway
Stuart, Florida 34997
Office: (772) 266-4159
Fax: (772) 678-7566
camille@theporterfirm.com

1

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Stephanie Anderson**<br>**379 N.E. 191st Street**<br>**Apt 214**<br>**Miami, FL 33179** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2020-03664** | **Erline Jocelyn,**<br>**Investigator** | **(786) 648-5800** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Christopher Bashaw*                    6/3/2021

Enclosures(s)

FOR   **Paul V. Valenti,**                    *(Date Issued)*
           **District Director**

cc:   **Respondent's Representative**
        **FLORIDA MEMORIAL UNIVERSITY**
        **Sonya Miller, General Counsel**
        **15800 NW 42ND AVE**
        **Miami Gardens, FL 33054**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Stacy Anderson</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Florida Memorial University, Inc.</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>8</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marwan Porter</u>        Fla. Bar # <u>26813</u>
       Attorney or party              (Bar # if attorney)

<u>Marwan Porter     </u>        <u>09/23/2021</u>
 (type or print name)           Date

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: 2021-021828-CA01

STACY ANDERSON, as Personal Representative
of the Estate of STEPHANIE ANDERSON,

     Plaintiff,

vs.

FLORIDA MEMORIAL UNIVERSITY, INC.,
a Florida corporation,

     Defendant.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the Defendant(s) whose name and address is:

**FLORIDA MEMORIAL UNIVERSITY, INC.,
a Florida for profit corporation**
By serving: Weiss, Serota, Helfman, Cole & Bierman, PL, its Registered Agent
2525 Ponce De Leon Blvd., Suite 700
Coral Gables, FL 33134

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiffs' attorney, whose name and address is: THE PORTER LAW FIRM, LLC, whose address is 5033 S.E. Federal Highway, Stuart, FL 34997, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

DATED: _____

          **HARVEY RUVIN
CLERK OF THE CIRCUIT COURT**

     (COURT SEAL)          By:_____

                                  As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo portegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante al tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entrepreises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est is insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention de numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitex que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dan le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etra saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocate ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" Plaignant ou a son avocat) nomme ci-dessous.